By the Court.—Speir, J.
The question presented for consideration, is whether Mrs. Harriet Rietz has an inchoate right of dower to the land agreed to be conveyed.
By our statute, which is taken substantially from the common law, “Ho act, deed, or conveyance executed or performed by the husband, without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law to pass the estate of married women, and no judgment or decree confessed by, or recovered against him, and no laches, default, covin, ‘ or crime by the husband, shall prejudice the right of the wife to her dower or jointure, or preclude her from the recovery thereof, if otherwise entitled thereto ” (Rev. Stat. 693, § 16, Edmonds' ed.).
Rower is a title inchoate, and is an interest which attaches on the land as soon as marriage and seizin concur. This right is consummated upon the death of *172 the husband. While the husband lives the wife has no right, interest, or estate in the land, but she has the capacity to take in the event of her surviving her husband,—she is dowable. When she becomes a widow she is entitled to dower. Bronson, J., in Reynolds v. Reynolds (24 Wend. 193), says, “It was the widow, not the wife, who was provided for by Magna Charta ” (9 Hen. Ch. 7; 2 Inst. 16). The relation of husband and wife must have existed, and it is this relation which invests the wife with dowable capacity. If there be seizin during coverture the capacity to be endowed is converted into what is called an inchoate right of dower, “which attaches on the land as soon as marriage and seizin concur” (4 Kent. Com. 50). Hence the statute before cited enacts, in accordance with the common law, that the husband alone can not defeat his wife’s estate by any act in the nature of alienation or charge without the assent of the wife given and proved according to law.
The interest of the wife which has thus attached by the concurrence of marriage and seizin,—her inchoate right of dower—may be barred or divested in many ways, as by her uniting with her husband in the execution of a conveyance, or by sale under foreclosure of a mortgage for the purchase-money, or by conviction of adultery in a suit for divorce brought by her husband (2 Rev. Stat. 146, § 48).
The question here is, whether the wife’s inchoate right of dower is barred by a determination in a suit in which both she and her husband have been found guilty of adultery, there being no decree dissolving the marriage relation. The facts in the case present a new question in the construction of the statutes relating to the forfeiture of dower.
The common law gave to the wife a right of dower in all lands of which the husband was seized during marriage, and the same has by statute become the law *173 of this state (1 Rev. Stat. 691. § 1, Edm. Stat. at L.).
Prior to 1830, by the statute of 1787, adultery on the part of the wife worked a forfeiture of dower, unless condoned by the husband. By the repeal of that law, the mere fact of living in adultery ceased to be a bar to dower. A new provision was made in the following words: “In case of divorce dissolving the marriage contract for the misconduct of the wife, she shall not be endowed” (1 Rev. Stat. Edm,. Ed. 699, § 8). Under this statute which relates to “ estates in dower,” the adultery which is doubtless the misconduct referred to, is not enough to disbar. It must be followed by a dissolution of the marriage contract.
The argument of the learned counsel for.the plaintiff is put upon the ground that inasmuch as the only misconduct of the wife for which a divorce dissolving the marriage contract in this state can be granted, is adultery, and as by section 48 of the statute, relating to divorces, which says nothing about a divorce having been decreed, but simply provides, “that whenever, in a suit for divorce brought by her husband, the wife shall be convicted of adultery, she shall not be entitled to dower,” he claims it does not follow that the husband should obtain a decree of divorce in his favor in order to disbar his wife.
It appears to me that the statute has provided for the case where the fact of adultery has been established. By section 42 of article 3, 2 Rev. Stat. 151, Edm. Ed., it is enacted, “ although the fact of adultery be established, the court may deny a divorce in the following cases,” of which the fourth subdivision of this section is one, as follows: “ Where it shall be proved that the complainant has also been guilty of adultery under such circumstances as would have entitled the defendant, if innocent, to a divorce.” This is the case at bar. The complainant was proven guilty of adultery *174 which would have entitled the defendant, had she been innocent, to a - divorce, and the court must deny the husband’s divorce.
The marriage relation, therefore, continues to exist between the parties, notwithstanding both have been found guilty of adultery, and the wife is not divested of her inchoate right of dower to his land (Pitts, et al. v. Pitts, et at., 52 N. Y. 593; Reynolds v. Reynolds, 24 Wend. 193; Waite v. Waite, 4 Coms. 95).
The defendant, Thomas Pruden, is entitled to judgment, with costs.
Freedman and Curtis, JJ., concurred.